NO. 07-12-00112-CR; 07-12-00113-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 10, 2012

RICHARD KIRKPATRICK DOBBS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 4347, 4348; HONORABLE STEVEN RAY EMMERT, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Richard Kirkpatrick Dobbs appeals from the trial court's judgments adjudicating him guilty of the state jail felony offense of money laundering[1] and the second degree felony offense of possession of marijuana[2] and the resulting respective sentences of eighteen months' imprisonment in a state jail facility and ten years' imprisonment in the Institutional Division of the Texas Department of Corrections. Appellant's attorney has filed a brief in compliance with *Anders v. California,* 386 U.S.

---

[1] *See* Tex. Penal Code Ann. § 34.02 (West 2011).

[2] *See* Tex. Health & Safety Code Ann. § 481.121 (West 2011).

738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeals, we affirm the trial court's judgments.

In May 2007, appellant was indicted for money laundering and possession of marijuana. Pursuant to a plea bargain with the State, appellant was placed on deferred adjudication community supervision for three years for the money laundering offense and for eight years for the possession of marijuana offense. His deferred adjudication community supervision was subject to certain terms and conditions.

In December 2010, the State filed amended motions to proceed with an adjudication of guilt in each case, alleging appellant violated conditions of his community supervision. The court heard the State's motions in March 2012. Appellant filed two pretrial motions and both were also heard by the court that day. The court denied appellant's motions.

In support of the State's motions to proceed with adjudication, the court heard testimony from appellant's community supervision officer that appellant had been arrested for three new offenses while on probation. The court also received documentary evidence showing appellant was convicted of a forgery offense in June 2011. The community supervision officer testified appellant had made some required payments but was still delinquent in each cause. The officer testified she believed appellant also failed to complete his required community service hours in each case but admitted to some confusion regarding his hours.

2

The court found appellant violated three conditions of his community supervision, adjudicated appellant guilty in each cause, revoked his community supervision in each cause, and assessed the sentences noted. These appeals followed.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of each case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the cases and the proceedings in connection with the motions to adjudicate guilt. Counsel discusses the applicable law and sets forth the reasons he concludes there are no arguably meritorious issues on which to base an appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.—Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has filed a response raising several issues.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw in either cause until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.—San Antonio 1997, no pet.). If this Court determines either appeal has merit, we will remand it to the

trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim. App.1991).

In his brief, counsel discusses several potential issues but concludes no arguably meritorious issues are presented. We agree.

First, counsel discusses the sufficiency of the evidence to support appellant's guilty pleas to each offense. As part of this issue, counsel also discusses the sufficiency of the evidence to support the trial court's revocation of community supervision, particularly with regard to community service hours completed by appellant. Appellant also argues the evidence was insufficient to support the adjudications of guilt, revocation of his community supervision, and the resulting sentences. We find no arguably meritorious point may be made as to sufficiency of the evidence, either that supporting appellant's guilty plea or that supporting revocation. *See Manuel v. State,* 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999); *Dunsmore v. State,* No. 01-10-00981-CR, No. 01-10-00982-CR, 2012 Tex.App. LEXIS 2856, at *3-4 (Tex.App.—Houston [1st Dist.] April 12, 2012, pet. ref'd) (mem. op., not designated for publication) (both noting "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed");[3] *Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); *Cochran v. State,* 78 S.W.3d 20, 28

---

[3] The clerk's record contains appellant's judicial confession supporting his pleas of guilty to both money laundering and possession of between 50 and 2000 pounds of marijuana, and contains the trial court's certification that appellant waived his right of appeal from the imposition of deferred adjudication. *See* Tex. R. App. P. 25.2(d).

4

(Tex.App.—Tyler 2002, no pet.) (both noting one sufficient ground for revocation will support the trial court's order to revoke probation).[4]

Second, counsel notes appellant's punishment for each offense was within the permissible range for a state jail felony and a second degree felony. Appellant originally plead guilty to money laundering, an offense with an applicable punishment range of not more than two years or less than 180 days in a state jail facility, and possession of marijuana, an offense with an applicable punishment range of imprisonment for not more than 20 years or less than 2 years. *See* Tex. Penal Code Ann. § 12.35 (West 2011); Tex. Penal Code Ann. § 12.33 (West 2011). The trial court sentenced appellant to eighteen months of imprisonment in a state jail facility and ten years of imprisonment in the institutional division, respectively, terms well within the applicable ranges. It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex.App.—Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that a sentence within the range of punishment established by the Legislature in a valid statute does not violate state or federal prohibitions). Appellant also raises a contention challenging his punishment but we find it without arguable merit, on this record.

Counsel also raises a potential issue concerning ineffective assistance of trial counsel. Appellant raises a similar issue in his *pro se* response. We conclude that

---

[4] At the adjudication hearing, appellant did not dispute the fact of his 2011 conviction for forgery, nor does he dispute that conviction in his *pro se* response to the *Anders* brief in this Court.

5

under this record, this point does not present an arguable ground for relief. *See, e.g.,  Gish v. State,* No. 02-09-00034-CR, 2011 Tex.App. LEXIS 391 (Tex.App.—Fort Worth Jan. 13, 2011, no pet.) (mem. op., not designated for publication) (overruling an appellant's ineffective assistance of counsel claim).

Our review convinces us that appellate counsel conducted a complete review of the record in each cause. We have also made an independent examination of the record to determine whether there are any arguable grounds which might support the appeals from the adjudications, revocations and sentences in each cause. We agree the record presents no arguably meritorious grounds for review. We grant counsel's motion to withdraw in each cause[5] and affirm the judgments of the trial court.

James T. Campbell
Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment in each cause, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.